UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITE HERE RETIREMENT FUND<br><br>and<br><br>TRUSTEES OF THE UNITE HERE RETIREMENT FUND,<br><br>333 Westchester Ave., North Building<br>White Plains, New York 10604<br><br>*Plaintiffs*,<br>v.<br><br>ARBAH HOTEL CORP. d/b/a<br>MEADOWLANDS VIEW HOTEL<br><br>2750 Tonnelle Avenue<br>North Bergen, New Jersey<br><br>*Defendant*. | **COMPLAINT**<br><br>NO. |

Introduction

1.  This is an action to collect contributions owed to the UNITE HERE Retirement Fund ("Pension Fund"). The action is brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq., as amended ("ERISA").

Jurisdiction and Venue

2.  The Court has subject-matter jurisdiction of this action pursuant to 29 U.S.C. § 1132(a)(3) and (e)(1) because the Trustees of the Pension Fund, who are fiduciaries under ERISA, seek to enforce provisions of Title I of ERISA that require employers to make contributions to a

multiemployer pension plan according to the terms of the plan, 29 U.S.C. § 1145, and in accordance with a schedule of contribution rates that the Trustees, acting in their capacity as the Pension Fund plan sponsor, are required to implement pursuant to 29 U.S.C. § 1085(e)(3)(C)(ii)-(iv).

3.   This Court has venue over this action pursuant to 29 U.S.C. § 1132(e)(2) because this is the district in which the plaintiff Pension Fund is administered.

Parties

4.   Plaintiff Pension Fund is a trust fund established and maintained pursuant to 29 U.S.C. § 186(c)(5). Plaintiff Pension Fund is an employee benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(2) and (3), and is maintained for the purpose of providing retirement benefits to eligible employees of participating employers. Plaintiff Pension Fund is also a multiemployer pension plan within the meaning of 29 U.S.C. § 1002(37).

5.   Plaintiff Pension Fund is the successor to the National Retirement Fund (also known as the UNITE HERE National Retirement Fund) as a result of transfers of assets and liabilities from the National Retirement Fund to the Pension Fund, as approved by the Pension Benefit Guaranty Corporation.

6.   Plaintiff Trustees of the Pension Fund ("Trustees") are fiduciaries within the meaning of ERISA, 29 U.S.C. § 1002(21)(A).

7.   All plaintiffs maintain their principal place of business at 333 Westchester Avenue, White Plains, New York. Plaintiff Pension Fund is administered at that location, within the Southern District of New York.

8.  Plaintiffs bring this action on behalf of themselves and on behalf of the Pension Fund's participants and beneficiaries pursuant to 29 U.S.C. §§ 1132(a)(3) and 1145.

9.  Defendant Arbah Hotel Corp. d/b/a Meadowlands View Hotel ("Defendant") is engaged in the hospitality business. It is an employer in an industry affecting commerce within the meaning of ERISA, 29 U.S.C. § 1002(5), (11) and (12) and § 1003(a)(1).

10. Defendant's principal business location is in North Bergen, New Jersey.

Statement of Facts

11. At all times relevant to this Complaint, Defendant has been party to a series of collective bargaining agreements ("CBAs") with the Hotel and Motel Trades Council of New York, or its predecessors (collectively, "Union"), covering various job classifications at the Defendant's Meadowlands View Hotel. The most recent CBA, effective from July 1, 2011 through June 30, 2015, is incorporated into this Complaint and attached as Exhibit A.

12. Under the CBA, Defendant promised to make contributions to the Pension Fund for each full-time employee covered by the CBA at rates specified rates therein. Exhibit A at Article XV, page 8. Specifically, the CBA provides that "the Employer will contribute each and every month . . . per full time employee for all employees covered by this Agreement." Id.

13. In 2010, prior to the term of the CBA that is attached as Exhibit A, the Pension Fund's actuary certified that the Pension Fund was in "critical status," as defined in ERISA, 29 U.S.C. § 1085(b)(2). The Trustees were therefore required to develop a "Rehabilitation Plan," pursuant to ERISA, 29 U.S.C. § 1085(e), for the purpose of improving the Pension Fund's actuarial funding. One of the statutory requirements for such a Rehabilitation Plan is that the plan sponsor provide to all bargaining parties "one or more schedules showing revised benefit structures, revised contribution

structures, or both, which, if adopted, may reasonably be expected to enable the multiemployer plan to emerge from critical status ...." ERISA, 29 U.S.C. § 1085(e)(1)(B)(i).

14. The Trustees developed a Rehabilitation Plan that included both revised benefit structures and revised contribution structures, as ERISA required. The Trustees provided two alternate schedules to contributing employers and the unions with which they negotiate. One of those schedules is called the Preferred Schedule, and the other is called the Default Schedule. The Rehabilitation Plan adopted in 2010 is incorporated into this Complaint and attached as Exhibit B.

15. The Rehabilitation Plan provided that all collective bargaining agreements agreed to, or renewed or extended on or after May 1, 2010 had to comply with the Rehabilitation Plan.

16. On June 2, 2010, Defendant and Union signed a "Supplement to Collective Bargaining Agreement, Adoption of a Schedule Under the Rehabilitation Plan in 2010" which is incorporated into this Complaint and attached as Exhibit C. That Supplement recited that the parties amended their existing CBA to incorporate the Preferred Schedule. *See* Exhibit C, at Part Three, paragraph III.

17. The Defendant made contributions to the Pension Fund in accordance with the Preferred Schedule during the term of the 2011-2015 CBA.

18. In accordance with ERISA, 29 U.S.C. § 1085(e)(3)(B), the Pension Fund updated the Rehabilitation Plan in 2015, provided new schedules of contribution rates in connection therewith and notified the Bargaining Parties of the update.  The Pension Fund's April 3, 2015 notice to the Defendant of the new schedule of contribution rates under that update to the Rehabilitation Plan is incorporated into this Complaint and attached as Exhibit D.

19. After the expiration of the CBA as of June 30, 2015, the Defendant continued to make contributions to the Pension Fund in accordance with that Preferred Schedule, as modified in the 2015 update to the Pension Fund's Rehabilitation Plan.

20. In accordance with ERISA, 29 U.S.C. § 1085(e)(3)(B)(ii), by letter dated April 5, 2017, the Pension Fund notified the Bargaining Parties, including the Defendant, of the minimum required contribution as of July 1, 2017, July 1, 2018 and July 1, 2019.  The Pension Fund's April 5, 2017 notice to the Defendant of the new schedule of contribution rates is incorporated into this Complaint and attached as Exhibit E.  The Defendant made contributions at those minimum required rates through December 31, 2017.

21. The Defendant ceased making contributions to the Pension Fund as of January 2018 and has not made any contributions to the Pension Fund since that time.

22. By letter dated February 26, 2018, the Pension Fund notified the Defendant that it had failed to pay contributions due to the Pension Fund for the month of January 2018.  Despite that notice, Defendant failed to make that contribution.

23. On October 26, 2018, counsel for the Pension Fund advised Defendant that under ERISA, 29 U.S.C. § 1085(e)(3)(C)(ii), as well as the terms of the expired CBA and the collective bargaining parties' prior adoption of a schedule under the Rehabilitation Plan, the Defendant was required to continue making contributions in accordance with the rates and provisions of the Rehabilitation Plan and the applicable schedule, even during contract negotiations.  A copy of that October 26, 2018 correspondence is incorporated into this Complaint and attached as Exhibit F. The applicable schedule under the expired CBA was the Preferred Schedule previously adopted by the

Bargaining Parties, which schedule was applicable beginning 180 days after the CBA's June 30, 2015 expiration date. 29 U.S.C. § 1085(e)(3)(C)(ii), (iii).

24. In disregard of the Pension Fund's notice, from January 2018 to the present, Defendant has not paid contributions to the Pension Fund.

25. Defendant's failure to make contributions under the schedule of contribution rates set forth in the 2015 updated Rehabilitation Plan is treated as a delinquent contribution and is enforceable as such. 29 U.S.C. § 1085(e)(3)(C)(iv).

Claim for Relief

26. Plaintiffs reassert all of the facts alleged in paragraphs 1 through 25.

27. Defendant's failure to remit contributions to the Pension Fund since January 1, 2018 is a breach of its obligation under the Preferred Schedule, which was lawfully implemented by the Pension Fund as required by 29 U.S.C. § 1085(e)(3)(C)(ii), (iii).

28. ERISA provides that a failure to make a contribution under a schedule of contribution rates imposed under 29 U.S.C. § 1085(e)(3)(C)(ii) "shall be treated as a delinquent contribution under [Section 515 of ERISA, 29 U.S.C. § 1145] and shall be enforceable as such." 29 U.S.C. § 1085(e)(3)(C)(iv).

29. The Trustees have a cause of action against employers under ERISA, 29 U.S.C. § 1132(a)(3), to collect delinquent contributions under section 515 of ERISA, 29 U.S.C. § 1145. In such an action the court "shall award" the plan the unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorney's fees and costs of the action, and such other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2).

<u>Prayer for Relief</u>

WHEREFORE, Plaintiffs Pension Fund and Trustees demand judgment for:

(a)     A declaration that Defendant is bound by to make contributions to the Pension Fund at no less than the minimum required contribution rates as per the Pension Fund's April 5, 2017 notice (Exhibit E) and that Defendant is therefore obligated to make contributions to the Pension Fund at no less than those minimum required contribution rates for all full time employees covered by the expired Collective Bargaining Agreement from January 1, 2018 through the date of judgment;

(b)     A judgment in the full amount of the delinquent contributions Defendant owes to the Pension Fund through the date of judgment;

(c)     Interest, liquidated damages, attorney's fees and costs; and

(d)     Such other legal and equitable relief to which plaintiffs are entitled.

CLEARY, JOSEM & TRIGIANI LLP

BY: _____
WILLIAM T. JOSEM, ESQUIRE
JEREMY E. MEYER, ESQUIRE
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099

Dated: February 26, 2019